IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNETH ALLEN HARDING** | |
| **Plaintiff,** | |
| v. | Case No. 22-CV-22-JFH |
| **WILLIAM L. GRISHAM**, in his official capacity as Sheriff of Love County, a political subdivision of the State of Oklahoma, et al., | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kenneth Allen Harding's ("Plaintiff") Emergency Motion to Remand ("Motion"). Dkt. No. 12. Plaintiff's Motion asserts that this Court lacks jurisdiction and, therefore, requests that this case be remanded to Love County District Court to continue proceedings. *Id*. at 2. Defendant William Grisham, Defendant Love County, and Defendant Jeff Mullinax (together, the "Defendants") jointly filed a Response to Plaintiff's Emergency Motion to Remand ("Response"). Dkt. No. 14. For the reasons set forth below, Plaintiff's Motion [Dkt. No. 12] is **denied**.

## BACKGROUND

Plaintiff initiated this action in the Love County District Court on December 6, 2021. Dkt. No. 2-2. In his Petition, Plaintiff asserted various state and federal claims against Defendants. *Id*. ("The claims set forth herein are being submitted pursuant to Tit. 51 O.S. § 151, et. seq., of the Oklahoma Governmental Tort Claims Act, as well as Tit. 42 U.S.C.A. § 1983, et. seq. . . . The claims set forth herein are also being submitted pursuant to the 4th, 5th, 8th and 14th Amendments to the United States Constitution . . . ."). Based upon Plaintiff's assertion of federal claims,

Defendants filed their Notice and Petition of Removal under 28 U.S.C. §§ 1331 and 1367 on January 14, 2022 ("Notice of Removal").  Dkt. No. 2.  Plaintiff filed the instant Motion on February 10, 2022 asking this Court to remand the case back to state court.  Dkt. No. 12.  In support of his Motion, Plaintiff argues that removal to federal court is inappropriate because this Court does not have original subject matter jurisdiction.[1]  This Court disagrees.

## STANDARD OF LAW

When a plaintiff brings a civil action in state court, but a federal district court has proper jurisdiction to hear it, a defendant may remove the case to federal court.  28 U.S.C. § 1441(a). "[Section] 1441(a) authorizes a defendant to remove any case which a plaintiff could have originally filed in federal district court." *Archuleta v. Lacuesta*, 131 F.3d 1359 (10th Cir. 1997). A district court must remand an action to state court if the district court determines that it lacks subject matter jurisdiction.  *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (holding that where a district court lacks jurisdiction the only action it may take is to remand the improperly removed action).

## ANALYSIS

Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint . . . ." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6

---

[1] Plaintiff also advances various other arguments as to why he does not want his claims to be heard in federal court, including his refusal to enter the State of Oklahoma and the financial burden of hiring an attorney. Dkt. No. 12 at 3, 4. However, because Plaintiff does not cite to any authority or legal basis in support of these arguments, the Court will not address them.

(2003); *accord Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006)). "Under the well-pleaded complaint rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Id.* (internal citations and quotations omitted). This rule makes the plaintiff the "master of the claim" and the plaintiff may prevent removal by choosing not to plead a federal claim even if one is available. *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004) ("By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court.").

Upon review of the Petition, Plaintiff's statement of his own cause of action clearly shows that it is based on federal law. *See* Dkt. No. 2-2. Specifically, Plaintiff's Petition asserts claims against Defendants under 42 U.S.C. § 1983, *et. seq.*, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Dkt. No. 2-2 at 2, 3. Under these claims, Plaintiff has asserted substantial questions of federal law—namely, whether the Defendants deprived Plaintiff of rights and privileges secured by the United States Constitution. Therefore, this Court has original jurisdiction for these claims arising under federal law. 28 U.S.C. § 1331.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Pettigrew v. Okla.*, 722 F.3d 1209, 1213 (10th Cir. 2013) (citing *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010)). That standard is satisfied here where Plaintiff's state and federal claims all arise out of the same factual allegations. Dkt. No. 2-2 at 4, 5. Therefore, in addition to original jurisdiction, this Court

3

also has supplemental jurisdiction over Plaintiff's state law claims included in his Petition. For these reasons, Defendants' removal of this action to federal court was appropriate and Plaintiff's request to remand to state court should be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Kenneth Allen Harding's Emergency Motion to Remand [Dkt. No. 12] is **DENIED**.

DATED this 23rd day of May 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE