# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**KENNETH ALLEN HARDING**

        **Plaintiff,**

**v.**

**Case No. 22-CV-22-JFH**

**WILLIAM L. GRISHAM, in his official capacity as Sheriff of Love County, a political subdivision of the State of Oklahoma, et al.,**

        **Defendants.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") filed jointly by Defendant William L. Grisham ("Defendant Grisham"), Defendant Jeff Mullinax ("Defendant Mullinax"), and Defendant Love County ("Defendant County") (collectively, "Defendants"). Dkt. No. 11. Defendants ask the Court to dismiss Plaintiff Kenneth Allen Harding's ("Plaintiff") claims against Defendants for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 2. Plaintiff opposes Defendants' Motion to Dismiss. Dkt. Nos. 16, 19. For the reasons set forth below, Defendants' Motion to Dismiss [Dkt. No. 11] is GRANTED.

## STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its

face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc*., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. While Plaintiff is presently pro se, Plaintiff was represented by counsel at the time of filing his Complaint.[1] Therefore, the liberal construction and less stringent standard will not be applied to the Court's review of the Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND

Taking Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, as it must at this stage, the Court briefly recounts the allegations. On or about June 25, 2020 at approximately 11:45 p.m., while Plaintiff was driving a commercial vehicle on Interstate 35 in Love County, Oklahoma, Love County Sheriff's Deputy, Jeff Mullinax, conducted a traffic

---

[1] Plaintiff's Petition will be referred to in this Order as a "Complaint" to comport with federal terminology.

stop on Plaintiff's vehicle.  Dkt. No. 2-2 at 4.  During the traffic stop, Defendant Mullinax determined that Plaintiff's commercial driver's license ("CDL") issued by the State of Texas had expired.  *Id*.  At that time, Plaintiff advised Defendant Mullinax that, due to the Covid-19 pandemic, the expiration of commercial driver's licenses had been administratively extended.  *Id.* Defendant Mullinax did not accept Plaintiff's statement as true, or independently verify that Plaintiff's CDL was valid by an administrative extension.  *Id*. Plaintiff was arrested and booked into the Love County Jail on charges of driving without a license and improper lane use.[2]  Dkt. No. 2-2 at 4.

Following the booking process, Plaintiff was required to undergo a delousing treatment. *Id*. at 5.  At that time, Plaintiff informed Love County Jail staff that he had been diagnosed with gastroenteritis and that he was currently taking a prescription antibiotic for treatment.  *Id*.  Because Plaintiff was unable to secure a bail bondsman, he was held in the Love County Jail overnight.  *Id*. Plaintiff was not provided access to his prescription antibiotic while in custody overnight.  Dkt. No. 2-2 at 5.

The next day, Plaintiff was arraigned in Love County District Court.  *Id*.  At the arraignment, the driving without a license charge was dismissed and Plaintiff pled not guilty to the improper lane use charge.  *Id*.  Plaintiff was released several hours after being arraigned.  *Id*. Because he did not have access to his prescription antibiotic while in the Love County Jail, Plaintiff had to seek additional medical treatment for his gastroenteritis following his release.  Dkt. No. 2-2 at 5.

---

[2]  Plaintiff refers to the improper lane use charge as an "improper lane *change*" charge in his Response.  *See e.g*., Dkt. No. 56 at 7.  However, the Court takes judicial notice under Federal Rule of Evidence 201 that Plaintiff was charged with improper lane use, in violation of 47 O.S. § 11-309(5).  *See* Love County District Court, Case No. TR-2020-918.

## AUTHORITY AND ANALYSIS

### I.   Claims Against Individual Defendants

#### A.  Defendant Grisham and Defendant Mullinax in their Official Capacities

Plaintiff asserts all claims against Defendant Grisham and Defendant Mullinax in their official capacities as Love County Sheriff and Love County Deputy Sheriff, respectively.  Dkt. No. 2-2 at 2-8.  However, asserting claims against Defendant Grisham and Defendant Mullinax in their official capacities is "essentially another way of pleading an action against the county or municipality [they] represent."  *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978)).   Because Plaintiff has asserted identical claims against Defendant County, his claims against Defendant Grisham and Defendant Mullinax in their official capacities are subsumed within the claims against Defendant County.  *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985) (citations omitted) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief."); *see also London v. Hill*, No. 11-CV-028, 2012 WL 529934, at *4 (N.D. Okla. Feb. 13, 2012) (internal citations omitted) ("[W]here a local governmental entity is sued along with an official of that entity in his or her official capacity, the official capacity claims are subsumed within the claims against the government entity and, therefore, the official capacity claims against individual defendants are properly dismissed as redundant.")).   Therefore, Plaintiff's claims against Defendant Grisham and Defendant Mullinax in their official capacities are redundant and should be dismissed.

Oklahoma law is in accord.  A "[s]uit against a government officer in his or her official capacity is [considered] a suit against the entity that the officer represents" and "is improper under the [Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. §§ 151, *et. seq.*]"  *Speight v.*

4

*Presley*, 203 P.3d 173, 179 (Okla. 2008); *accord Pellegrino v. State ex rel. Cameron Univ.*, 63 P.3d 535, 537 (Okla. 2003).  The OGTCA requires that a suit brought pursuant to its provisions "name as defendant the state or political subdivision against which liability is sought to be established" and specifically prohibits naming as a defendant an employee acting within the scope of his or her employment.  *See* 51 O.S. § 163(C).

For these reasons, the Court dismisses all claims asserted by Plaintiff against Defendant Grisham and Defendant Mullinax in their official capacities.  As amendment would be futile, the official capacity claims against Defendant Grisham and Defendant Mullinax are dismissed with prejudice.

### B.  Defendant Mullinax in his Individual Capacity

Plaintiff also asserts all claims against Defendant Mullinax in his individual capacity.  Dkt. No. 2-2 at 2-8.[3]  Plaintiff alleges that Defendant Mullinax unlawfully arrested and detained Plaintiff for driving without a license, a crime which he urges did not occur.  *Id.*  Defendants argue that Defendant Mullinax is entitled to qualified immunity and that, further, Plaintiff was lawfully arrested and detained on an improper lane use charge.  Dkt. No. 11 at 5, 7.

The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages arising from claims brought against them in their individual capacities.  *McFall v. Bednar*, 407 F.3d 1081, 1087 (10th Cir. 2005).  In establishing the defense of qualified immunity, the Supreme Court has attempted to balance the protection of civil rights and "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority."  *Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)).

---

[3]  The Court notes that Plaintiff does not assert any claims against Defendant Grisham in his individual capacity.

Individual government actors retain their immunity unless the plaintiff can show that they violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow*, 457 U.S. at 818).

Plaintiff alleges that he was unlawfully arrested and detained on the driving without a license charge because, due to an administrative extension, his expired license was still valid at the time of his arrest. Dkt. No. 2-2 at 4. Plaintiff urges that while Defendant Mullinax was unaware of this administrative extension, he could have, and should have, verified the administrate extension either on his phone or by using his squad car computer prior to arresting Plaintiff. *Id.*

Tenth Circuit law is clear that "[a]n arrest must be based on probable cause to believe that a person committed a crime . . . ." *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007). "Probable cause exists where the facts and circumstances known to the officer at the time of arrest, and of which the officer had reasonably trustworthy information, were sufficient to warrant a prudent person in believing defendant had committed or was committing a criminal offense." *United States v. Rodriguez*, 739 F.3d 481, 485 n.2 (10th Cir. 2013). "Though officers may not ignore evidence that would dissipate probable cause, not all new evidence does so. For instance, a soon-to-be arrestee's bare proclamations of innocence do not." *Hinkle v. Beckham Cty. Bd. of Cty. Comm'rs*, 962 F.3d 1204, 1221 (10th Cir. 2020) (internal citations omitted).

While Plaintiff attempts to make a claim of unlawful arrest, his allegations do not contain enough "facts to state a claim to relief that is plausible on its face" and are not enough to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Specifically, Plaintiff has not demonstrated that Defendant Mullinax lacked probable cause for his arrest. The facts and circumstances known to Defendant Mullinax at the time of the arrest, as alleged by Plaintiff, justify a finding of probable cause to believe that Plaintiff committed an arrestable offense. Plaintiff

acknowledges that Defendant Mullinax, a Deputy Sheriff in the State of Oklahoma, was unaware of any administrative extension that would have rendered Plaintiff's expired license valid.  Dkt. No. 2-2 at 4.  Despite Plaintiff's urging of his innocence and his requests for Defendant Mullinax to verify this extension, the law does not require Defendant Mullinax to "forego arrest pending further investigation if the facts as initially discovered provide probable cause."  *Hinkle,* 962 F.3d at 1221 (quoting *Romero v. Fay,* 45 F.3d 1472, 1480, n.6 (10th Cir. 1995)).  The facts as initially discovered—*i.e.*, Plaintiff's expired driver's license—provided probable cause that Plaintiff was driving without a valid license in violation of Oklahoma law.

Additionally, regarding the state law claims, Defendant Mullinax is entitled to immunity under the provisions of the OGTCA.  *See* 51 O.S. § 152.1(A).  The statute explicitly states that "employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts."  *Id.*  Plaintiff does not allege that Defendant Mullinax acted in bad faith, nor does Plaintiff allege that Defendant Mullinax acted outside the scope of his duties at the time of Plaintiff's arrest.  *See* Dkt. No. 2-2 at 3 (stating that Plaintiff was injured and wronged by Defendant Mullinax while he was "acting within the scope and in furtherance of [his] office, agency, and/or employment with Love County and/or the Love County Sheriff.").  Accordingly, Defendant Mullinax is entitled to immunity and Plaintiff's claims asserted against Defendant Mullinax in his individual capacity must be dismissed.

Finally, the Court notes that Plaintiff was also arrested and detained on an improper lane use charge.  Dkt. No. 2-2 at 5.  Plaintiff does not dispute the validity of this arrest or assert his innocence in this regard.  *See e.g., Navratil v. Parker*, 726 F. Supp. 800, 805 (D. Colo. 1989) ("Being lawfully arrested is not a cognizable harm.").  Plainly, Plaintiff has not demonstrated that Defendant Mullinax violated a clearly established statutory or constitutional right and, therefore,

Plaintiff has failed to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). For these reasons, the Court dismisses all claims asserted by Plaintiff against Defendant Mullinax in his individual capacity.  As amendment would be futile, all individual capacity claims against Defendant Mullinax are dismissed with prejudice.

### C.  Defendant John and/or Jane Doe(s) in their Official and Individual Capacities

Plaintiff asserts all claims against Unknown John and/or Jane Doe(s) ("Defendant Does"), individually and in their official capacities as Deputy Sheriff(s) and/or Agents of Love County, State of Oklahoma.  Dkt. No. 2-2 at 2.  For the reasons the claims against Defendant Grisham and Defendant Mullinax fail (both in their official and individual capacities), Plaintiff's claims against Defendant Does also fail.  As amendment would be futile, all claims asserted against Defendant Does are dismissed with prejudice.

## II.   Claims against Defendant County

### A.  Oklahoma Governmental Tort Claims Act

Plaintiff asserts claims against Defendant County under the OGTCA, 51 O.S. §§ 151, *et. seq*.  Dkt. No. 2-2 at 5-7.  Plaintiff states that Defendant County breached its duty to Plaintiff, and Plaintiff sustained injury and damages, "due to his unlawful and illegal arrest, the unlawful search and seizure of his person and property, and his unlawful detention, incarceration, and deprivation of liberty."  *Id*. at 6.  Specifically, Plaintiff states that he was injured by being wrongfully arrested for driving without a license, undergoing the delousing treatment, and not receiving his prescription antibiotic medication while in custody overnight.  *Id*. at 4-5.

The OGTCA is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity in tort. *See, e.g., Fuller v. Odom*, 741 P.2d 449, 451-52 (Okla. 1987) (stating that in enacting the OGTCA, the Oklahoma Legislature "has specifically abrogated

any previously existing common law or statutory right of recovery for torts committed by a governmental entity or its employees while acting within the scope of their employment."). However, the OGTCA does contain certain exceptions for liability. *See* 51 O.S. § 155. One such exception states that "[t]he state or a political subdivision shall not be liable if a loss or claim results from . . . [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility . . . ." 51 O.S. § 155(25). Claims against a state, county, or municipality which are based squarely on their alleged failures, policies, practices, and procedures in relation to their operation and maintenance of a correctional facility fall within this exception and are therefore barred under the OGTCA. *See Barrios v. Haskell Cty. Pub. Facilities Auth*., 432 P.3d 233, 238-39 (Okla. 2018); *see also Garland v. Okla. Ex rel. Okla. Dep't of Corr*., Civ-20-306-RAW, 2021 WL 3007252, at *4 (E.D. Okla. July 15, 2021). Accordingly, any claims brought by Plaintiff under the OGTCA related to Love County Jail's failure to provide Plaintiff with his prescription antibiotic medication or related to the Jail's delousing treatment, fall within the exception found at 51 O.S. § 155(25) and are barred under the OGTCA. Therefore, these claims must be dismissed.

Plaintiff's claims under the OGTCA related to conduct outside the Love County Jail— namely, the alleged unlawful arrest for driving without a license—also fail. The Tenth Circuit has recognized that the OGTCA immunizes the State for claims of false arrest or imprisonment for arrests made with probable cause. *Courtney v. Oklahoma ex rel. Dep't. of Pub. Safety*, 722 F.3d 1216, 1227 (10th Cir. 2013) (citing *Overall v. Oklahoma ex rel. Dep't of Pub. Safety*, 910 P.2d 1087, 1092 (Okla. Civ. App. 1995) ("Had the arrest been made with probable cause, the State would be immune from liability for any damages claimed by the plaintiffs as a direct result of that lawful arrest. The fact the charges against the plaintiffs for which the arrests were made were later dropped, or the plaintiffs were later acquitted of those charges, would not retroactively make the

initial arrests unlawful.").  As discussed *supra*, Plaintiff has not alleged or shown that Defendant Mullinax lacked probable cause for his arrest.  The facts and circumstances known to Defendant Mullinax at the time of the arrest justify a finding of probable cause to believe that Plaintiff committed an arrestable offense.  Plaintiff acknowledges that Defendant Mullinax, a Deputy Sheriff in the State of Oklahoma, was unaware of an administrative extension that made extended the validity of Plaintiff's otherwise expired license.  Dkt. No. 2-2 at 4.  Despite Plaintiff's urging of his innocence and his requests for Defendant Mullinax to verify this extension, the law does not require Defendant Mullinax to "forego arrest pending further investigation if the facts as initially discovered provide probable cause."  *Hinkle,* 962 F.3d at 1221 (quoting *Romero v. Fay*, 45 F.3d 1472, 1480, n.6 (10th Cir. 1995)).  The facts as initially discovered—*i.e.*, Plaintiff's expired driver's license—provided probable cause that Plaintiff was driving without a valid license in violation of Oklahoma law.

Additionally, Plaintiff does not dispute that he was lawfully arrested for improper lane use. Therefore, even if wrongfully arrested for driving without a valid license, Plaintiff could not have suffered harm because he was lawfully arrested on the improper lane use charge.  *See e.g., Navratil*, 726 F. Supp. at 805 (noting that when claiming an injury related to an arrest, the arrest must be unlawful, "for being lawfully arrested is not a cognizable harm.").

Finally, Plaintiff asserts a claim under the OGTCA under a theory of intentional infliction of emotional distress.  Dkt. No. 2-2 at 6.  Oklahoma courts have held that a plaintiff cannot recover under the OGTCA on a tort claim which requires a showing of conduct on the part of a governmental employee that would mandate a determination that the employee was not acting in good faith, such as intentional infliction of emotional distress.  *See Murphy v. Spring*, 58 F.Supp.3d 1241, 1264 (N.D. Okla. Nov. 4, 2014) (citing *Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla.

2001)).  Accordingly, Plaintiff's claim under the OGTCA for intentional infliction of emotional distress must also be dismissed under Fed. R. Civ. P. 12(b)(6).  As amendment would be futile, all claims asserted against Defendant County under the Oklahoma Governmental Tort Claims Act are dismissed with prejudice.

### B.  42 U.S.C. § 1983

Plaintiff asserts claims against Defendant County under 42 U.S.C. § 1983.  Dkt. No. 2-2 at 7-8.  Specifically, Plaintiff states that Defendant County infringed upon his right to be secure against unreasonable search and seizure, the right not to be deprived of life, liberty, or property without due process of law, and the right not to suffer cruel and unusual punishment under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  *Id*. at 7.

There can be no municipal or organizational liability under 42 U.S.C. § 1983 "when there was no underlying constitutional violation by any of its officers." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) (citing *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).  Further, municipal governments may incur only liability under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers."  *Id*.  (citing *Monell*, 436 U.S. at 690.  In other words, a county may be held liable "when the enforcement of their policies or customs by their employees causes a deprivation of a person's federally protected rights." *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  A municipal policy or custom can include:  formal regulations or policies; informal customs amounting to widespread practices that are so permanent as to constitute a custom or usage; decisions by final policymakers; ratification of employees' decisions by a final policymaker; and failure to train or supervise, so long as failure results from deliberate indifference.  *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).

###### i.      Arrest and Detention

As discussed *supra*, Plaintiff has failed to demonstrate that Defendant Mullinax deprived Plaintiff of any constitutional right related to his arrest.  *See* Section I(B), *supra*.  Because there was no underlying constitutional violation by Defendant Mullinax related to Plaintiff's arrest, there can be no liability on Defendant County under 42 U.S.C.§ 1983 related to Plaintiff's arrest and this claim must be dismissed under Fed. R. Civ. P. 12(b)(6).  *See Olsen*, 312 F.3d at 1317-18; *Hinton*, 997 F.2d at 782.  As amendment would be futile, Plaintiff's claim regarding his arrest and detention asserted against Defendant County under 18 U.S.C. § 1983 is dismissed with prejudice

###### ii.     Delousing Treatment

It is not clear whether Plaintiff's allegations related to the delousing treatment fall within his claim under 42 U.S.C. § 1983.  However, even if they do, Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6).  Specifically, Plaintiff has failed to allege or show any underlying constitutional violation related to the delousing treatment that took place at the Love County Jail.

It is well established that "[c]orrectional officials have a significant interest in conducting a thorough search as a standard part of the intake process." *Hinkle*, 962 F.3d at 1232 (citing *Florence v. Board of Chosen Freeholders*, 566 U.S. 318, 330 (2012)).  This interest is derived from four main concerns: "1) the possibility that new detainees will bring lice or diseases into the facility, (2) the possibility that new detainees will have wounds that need medical attention, (3) the growing number of gang members who are entering detention facilities and the need to identify who they may be, and (4) the need to detect contraband." *Id*.  In light of these concerns, the Tenth Circuit has recognized that "courts must defer to the judgment of correctional officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Id*.  In other words, "a regulation impinging on an inmate's

12

constitutional rights must be upheld if it is reasonably related to legitimate penological interests."
*Hinkle*, 962 F.3d at 1232 (citing *Florence*, 566 U.S. at 332-33.

Plaintiff alleges that upon booking into the Love County Jail, he was required to undergo a "delousing treatment process."  Dkt. No. 2-2 at p. 5.  As recognized by the Tenth Circuit, these types of procedures are a standard part of the intake process in order to prevent new detainees from bringing lice or diseases into the facility.  *Hinkle*, 962 F.3d at 1232.  Plaintiff has not alleged or asserted any facts to show that the Love County Jail's delousing treatment was unnecessary, unjustified, or outside the standard practice of correctional facilities across the nation.  For this reason, the Court finds that Plaintiff has not stated a claim for unlawful search and seizure under 42 U.S.C. § 1983 regarding the delousing treatment and this clam must be dismissed under Fed. R. Civ. P. 12(b)(6).  As amendment would be futile, Plaintiff's claims regarding the delousing treatment process asserted against Defendant County under 18 U.S.C. § 1983 are dismissed with prejudice.

### iii.   Access to Prescription Medication

Prisoners have a constitutional right to adequate medical care, and recovery under 18 U.S.C. § 1983 is available for deliberate indifference to their serious medical needs.  *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  The Tenth Circuit has found that while this right typically does not apply until after an adjudication of guilty, pretrial detainees are in any event entitled to the degree of protection against denial of medical attention which applies to convicted inmates and, therefore, it is proper to apply a due process standard which protects pretrial detainees against deliberate indifference to their serious medical needs.  *Id.*  (citing *Rock v. McCoy*, 763 F.2d 394, No. 84–2316 (10th Cir. 1985); *Loe v. Armistead*, 582 F.2d 1291, 1294 (4th Cir. 1978), *cert. denied*, 446 U.S. 928, (1980); *Whisenant v.*

*Yuam*, 739 F.2d 160, 163 n.4 (4th Cir. 1984); *Dewell v. Lawson*, 489 F.2d 877, 882 (10th Cir. 1974)).

However, for Defendant County "to be liable under § 1983, the constitutional violation must be a result of a government custom or policy." *Winters v. Bd. of Cty. Comm'rs,* 4 F.3d 848, 855 (10th Cir. 1993) (citing *Monell*, 436 U.S. at 694). While Plaintiff generally alleges that he was injured "due to, or in furtherance of, a custom, policy, practice and/or procedure of the Love County Sheriff in effect at the time of the incident," he has not alleged any specific deficiency in Defendant County's policies or procedures related to his claim for inadequate medical care. *See* Dkt. 2-2 at 4. "A [county] policy cannot be inferred from a single incident of constitutional deprivation, instead, independent evidence of the [county's] policy must be provided." *Ortega v. Gonzales*, 17 F.3d 1437 at *3 (10th Cir. 1993) (unpublished) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (plurality), 830-31 (Brennan, J., concurring) (1985)). To state a § 1983 claim against Defendant County, Plaintiff was required to "identify a specific deficiency that was obvious and closely related to his injury, so that it might fairly be said that the official policy or custom was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Kalbaugh v. Jones*, 807 Fed. Appx. 826, 831 (10th Cir. 2020) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)). "Mere 'conclusory allegations' that adequate medical care was not provided, without more, will not subject the county to 1983 liability." *Id.* (citing *Meade v. Grubbs*, 841 F.2d 1512, 1531 (10th Cir. 1988)). For these reasons, the Court finds that Plaintiff has not stated a claim under 42 U.S.C. § 1983 regarding access to prescription medication. Therefore, this claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

### C. *Bosh* Claim under Oklahoma Constitution, Art. 2, § 30.

Finally, Plaintiff asserts claims against Defendant County under Article 2, § 30 of the Oklahoma Constitution and under *Bosh v. Cherokee Cty Bldg. Auth.*, 2013 OK 9, 305 P.3d 994. Specifically, Plaintiff states that Defendant County infringed upon his right to freedom from unreasonable search and seizure when "deputy sheriff(s) and jail personnel, within the scope and course of their employment with [Defendant County], wrongfully and with gross negligence[,] arrested, searched, and incarcerated the Plaintiff . . . ." Dkt. No. 2-2 at 8.

As explained *supra*, "[t]he liability of the state or political subdivision under The Governmental Tort Claims Act shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision or employee arising from common law, statue, the Oklahoma Constitution, or otherwise." 51 O.S. § 153(B). *Bosh* has been superseded by the OGTCA. *See Payne v. Kerns*, 2020 OK 31, 467 P.3d 659, 666; *Barrios v. Haskell Cty. Pub. Facilities Auth.*, 2018 OK 90, 432 P.3d 233. For this reason, Plaintiff's claims under Article 2, § 30 of the Oklahoma Constitution and under *Bosh* are dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As amendment would be futile, all claims asserted against Defendant County under *Bosh* are dismissed with prejudice.

### CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Dismiss [Dkt. No. 11] filed jointly by Defendant William L. Grisham, Defendant Love County, and Defendant Jeff Mullinax is GRANTED**.**

IT IS FURTHER ORDERED that Plaintiff Kenneth Allen Harding's Motion to Compel [Dkt. No. 21] is hereby denied as moot.

DATED this 13th day of October 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE